Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nathaniel William Stanhope,<br><br>      Plaintiff,<br>  v.<br><br>Club One Casino, Inc.,<br><br>      Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Nathaniel William Stanhope ("Plaintiff") alleges the following:

### INTRODUCTION

Plaintiff brings this action against Defendant Club One Casino, Inc. ("Defendant") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff full and equal access to the Club One Casino located at 3950 North Cedar Avenue in Fresno, California ("Club One").

### PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2. Defendant is a California corporation with its principal address in Fresno, California. At all times relevant to this complaint, Defendant owned, managed, operated, and/or was otherwise responsible for Club One.

### JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331

and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Club One is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff is an individual with a disability, specifically suffering from epileptic seizures, which substantially limit Plaintiff's major life activities.

7. In order to help with the symptoms of Plaintiff's epilepsy, Plaintiff relies on a trained service dog.

8. Plaintiff's service dog has been professionally trained to alert Plaintiff to the onset of a seizure and provide protection during an episode.

9. On April 28, 2023, Plaintiff visited Defendant's casino. Plaintiff was accompanied by his service dog. Plaintiff was there to play baccarat.

10. While enjoying some baccarat, one of Defendant's employees approached Plaintiff and requested documentation for his service dog.

11. Despite the unlawful nature of this request, Plaintiff made efforts to comply and accommodate the employee's inquiries.

12. Notably, Defendant's employees did not inquire about whether Plaintiff's dog was indeed a service dog or the specific tasks it was trained to perform.

13. Despite his best efforts, Plaintiff was not able to satisfy Defendant's employees' highly unusual requests, and they instructed him to leave the casino.

14. Plaintiff attempted to educate the employees about his rights, but they would not listen and insisted on his departure.

15. Plaintiff was humiliated because he was being ejected from a casino for no good reason whatsoever. Plaintiff had to color up his chips and leave in the middle of an exciting gaming session.

16. Throughout the relevant period, Plaintiff's service dog was visibly identifiable as a working service dog, wearing a service dog vest.

17. Plaintiff decided to revisit Defendant's casino on April 29, 2023.

18. However, Plaintiff discovered that Defendant had "blacklisted" him in their computer system.

19. When Plaintiff asked why he was banned from the casino, Defendant's employee informed Plaintiff that Defendant's computer system had flagged him due to the service animal incident that occurred the previous day.

20. Plaintiff was informed that the notes specifically instructed Defendant's employees to refuse service to Plaintiff until he returned with his service dog "paperwork."

21. Defendant's bizarre discrimination did not end there. Defendant's employee specifically told Plaintiff that he would only be allowed entrance if he left his service dog at home.

22. Plaintiff would like to return to Defendant's casino once Defendant ceases its blatantly illegal disability discrimination. Plaintiff often visits the area because he has family nearby that he assists because of their advanced age, and Plaintiff enjoys the unique thrill associated with gaming.

23. Allowing Plaintiff, who suffers from epilepsy, to game at a casino with his trained service animal, is of utmost importance and consistent with applicable law.

24. Epilepsy is a serious medical condition that can pose significant risks to the safety and well-being of those affected. The presence of Plaintiff's service animal not only offers crucial support and assistance to Plaintiff, but also serves as a vital lifeline in potentially life-threatening situations. Plaintiff's service animal grants him the opportunity to engage in recreational activities without compromising his safety.

### FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

25. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

26. Title III of the ADA bans disability discrimination against an individual in places of

public accommodation.

27. The Club One is a public accommodation.

28. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

29. Defendant has a policy that restricts and denies access to persons like Plaintiff.

30. Defendant's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

31. As a result of Defendant's conduct, denying Plaintiff equal access to the Club One, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the Club One.

32. It is readily achievable for Defendant to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Club One.

33. Defendant does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

34. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, visit, or attempt to patronize the Club One, in light of Defendant's conduct.

35. Defendant's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

36. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory

attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

37. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

38. Defendant intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Club One.

39. Club One is a business establishment.

40. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

41. Defendant's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42. Plaintiff was harmed.

43. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

44. Defendant's conduct violated the ADA.

45. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

46. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Defendant from engaging in unlawful discrimination against disabled persons with service animals when visiting the Club One, including, specifically, enjoining its

policy of denying access to persons with service animals access to the Club One without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition injunctive relief compelling Defendant to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate;

2. Damages of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: May 17, 2023

Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff